UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                             Case No.  17-10131
vs.                          HON.  GEORGE CARAM STEEH

MAURICE JACKSON,

        Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (DOC. 7)

       Plaintiff, the United States of America, alleges that defendant,

Maurice Jackson, failed to pay off his student loan.  Plaintiff seeks to

recover defendant's debt.  The matter is presently before the Court on

plaintiff's motion for summary judgment.  (Doc. 7).  The motion was

determined without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).  For

the reasons stated below, plaintiff's motion for summary judgment is

GRANTED.

## I. Background

      On January 4, 1998, defendant signed a promissory note to secure a

federally guaranteed student loan from The Chase Manhattan Bank.  (Doc.

7-2 at PageID 24; 7-3 at PageID 26).  The promissory note was issued

pursuant to loan guaranty programs authorized under Title VI-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* (34 C.F.R. § 682).  (Doc. 7-3 at PageID 26).  The promissory note lists defendant's school as NEC/NIT.  (Doc. 7-2 at PageID 24).  NEC appears to refer to the National Education Center, while NIT refers to the National Institute of Tech Campus.  (Doc. 10 at PageID 32).  It is not clear when defendant enrolled at NEC.  The promissory note lists an anticipated graduation date of October 6, 1989.  (Doc. 7-2 at PageID 24).  But, defendant left NEC after only three months without completing his program.

Defendant defaulted on his obligation to pay on February 7, 1989. (Doc. 7-3 at PageID 26).  The promissory note holder filed a claim with the Guarantor, who paid the claim, and was reimbursed by the United States Department of Education.  (Doc. 7-3 at PageID 26).  The Department of Education was thereafter assigned right and title to the loan.  (Doc. 7-3 at PageID 26).  Now it seeks to collect payment from defendant.  (Doc. 7-3 at PageID 26).  A Certificate of Indebtedness from the Department of Education, dated January 22, 1998, reflects that as of that date, defendant is indebted to the United States in the amount of $1,721.24.  (Doc. 7-3 at PageID 26).  This figure is based on a principal balance of $1,156.66, $524.58 in interest, and $40.00 in administrative or collection costs.  (Doc.

7-3 at PageID 26).  Interest accrues at an annual rate of 8%.  (Doc. 7-3 at PageID 26).  Christopher Bolander, a Department of Education loan analyst states that the certificate of indebtedness is true and accurate.  (Doc. 7-4 at PageID 27).

## II. Legal Standard

Rule 56(c) empowers a court to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc) (citing Fed. R. Civ. P. 56(c)).

The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th

Cir. 2001).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson*, 477 U.S. at 247-48 (emphasis in original); *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial."  *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 252.  There must instead be evidence from which a jury could reasonably find for the non-movant.  *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

## III. Analysis

"To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is

the present owner or holder and (3) the note is in default." *United States v. Petroff-Kline,* 557 F.3d 285, 290 (6th Cir. 2009) (internal citations omitted). "For that purpose the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness." *Id.* (internal citations omitted). "Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Id.* (internal citations omitted).

Plaintiff submits the promissory note, a certificate of indebtedness, and an affidavit of a Department of Education loan analysis to establish that defendant signed the promissory note, the Government is the present owner or holder, and the note is in default. The Court, therefore, finds that plaintiff has made a prima facie showing necessary to recover on the promissory note. As such, defendant bears the burden of proving nonexistence, extinguishment, or variance in payment.

Defendant raises three arguments to support his request that the Court forgive or cancel his debt. Preliminarily, however, the Court shall address what may be an additional argument. Plaintiff's brief addresses a statement in defendant's answer, which, liberally construed, appears to assert a statute of limitations defense. (Doc. 3 at PageID 8) (stating disagreement with plaintiff's complaint because of a "28 year gap"). "The

Higher Education Technical Amendments of 1991 (HETA) eliminated a six-year statute of limitations for student loan collections in 20 U.S.C. § 1091a(a)." *United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001). "Section 1091a(a)(2) now reads, in pertinent part, 'no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken ... [for] repayment of the amount due from a borrower on a loan.'" *Id.* "Other circuits have specifically held that HETA's retroactive abrogation of the statute of limitations does not violate a student loan debtor's due process rights." *Id.* (citing *United States v. Hodges,* 999 F.2d 341, 342 (8th Cir.1993); *United States v. Glockson,* 998 F.2d 896, 898 (11th Cir.1993)). Plaintiff's claims, therefore, are not barred by a statute of limitations.

Defendant appears to argue the defense of mutual mistake. (Doc. 10 at PageID 31). A mutual mistake of fact is "an erroneous belief, which is shared and relied on by both parties, about a material fact that affects the substance of the transaction." *Ford Motor Co. v. City of Woodhaven*, 475 Mich. 425, 442 (2006). Defendant's response to plaintiff's motion for summary judgment includes a state court civil answer form and a personalized letter. (Doc. 10). Defendant only mentions mutual mistake on the answer form. (Doc. 10 at PageID 31). He checked off a box stating

that he "disagree[s] with the statements in paragraph 1" and, submitting an

answer to explain his disagreement, stated "deny mutual mistake."  (Doc.

10 at PageID 31).  Defendant's letter does not include any mention of a

mutual mistake.  (Doc. 10 at PageID 32-33).  Nor has defendant offered

any evidence regarding a shared erroneous belief about a material fact

affecting the substance of his student loan.  As such, any attempt to defeat

summary judgment on the basis of a mutual mistake fails.

Defendant further argues that the Court deny summary judgment

"pursuant to the local rule for concurrence to file."  (Doc. 10 at PageID 31).

Pursuant to Eastern District of Michigan Local Rule 7.1(a),

> (1) The movant must ascertain whether the
> contemplated motion, or request under Federal
> Rule of Civil Procedure 6(b)(1)(A), will be opposed.
> If the movant obtains concurrence, the parties or
> other persons involved may make the subject
> matter of the contemplated motion or request a
> matter of record by stipulated order.
>
> (2) If concurrence is not obtained, the motion or
> request must state: (A) there was a conference
> between attorneys or unrepresented parties and
> other persons entitled to be heard on the motion in
> which the movant explained the nature of the
> motion or request and its legal basis and requested
> but did not obtain concurrence in the relief sought;
> (B) despite reasonable efforts specified in the
> motion or request, the movant was unable to
> conduct a conference; or (C) concurrence in this
> motion has not been sought because the movant or

> nonmovant is an incarcerated prisoner proceeding
> pro se.

Pursuant to this rule, plaintiff, the party moving for summary judgment, must merely ask defendant about potential opposition, and report defendant's answer to the Court. Plaintiff does not need to obtain defendant's concurrence. Plaintiff's motion states that it "sought concurrence in this motion by way of correspondence date[d] February 10, 2017, but concurrence was not obtained." (Doc. 7 at 13). The Court finds that this statement is sufficient to meet the requirements of Local Rule 7.1(a)(2)(B). As such, defendant's attempt to defeat summary judgment on the basis of a failure to seek concurrence fails.

Finally, defendant asks the Court to forgive or cancel his debt "due to extremely poor instruction and accreditation" at NEC. (Doc. 10 at PageID 32). Defendant asserts a "long dormant provision of the federal student loan law" stating that "borrowers may seek to have their debts cancelled if they can prove their school cheated them." (Doc. 10 at PageID 32). Defendant's argument fails for two reasons; he has not shown that such a provision applies to his student loan debt and he has not shown that NEC/NIT, also referred to as Everest College, cheated, abused, or misled him.

A borrower's defenses depend upon the type of their student loan. Defendant's Certificate of Indebtedness states that defendant's promissory note was secured "under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* (34 C.F.R. Part 682)." (Doc. 7-3 at PageID 26). 34 C.F.R. § 682.102 governs repaying a loan. This statute states that:

> [g]enerally, the borrower is obligated to repay the full amount of the loan, late fees, collection costs chargeable to the borrower, and any interest not payable by the Secretary. The borrower's obligation to repay is cancelled if the borrower dies, becomes totally and permanently disabled, or has that obligation discharged in bankruptcy. A parent borrower's obligation to repay a PLUS loan is cancelled if the student, on whose behalf the parent borrowed, dies. The borrower's or student's obligation to repay all or a portion of his or her loan may be cancelled if the student is unable to complete his or her program of study because the school closed or the borrower's or student's eligibility to borrow was falsely certified by the school. The obligation to repay all or a portion of a loan may be forgiven for Stafford Loan borrowers who enter certain areas of the teaching profession.

34 C.F.R. § 682.102(a). Defendant does not meet any of these enumerated exceptions. Defendant is not dead, totally and permanently disabled, or had this obligation discharged in bankruptcy. Defendant is not a parent borrower. Defendant did not establish, or even argue, that he was unable to complete his program of study because the school closed.

Defendant voluntarily left NEC/NIT on or about April 1998.  NEC/NIT closed four years later, on January 15, 1992.  Defendant did not introduce any evidence that he intended to return to NEC/NIT and was unable to do so because of this closure.  Defendant also did not establish or even argue that his eligibility to borrow was falsely certified by the school.  Finally, defendant has not established that he was a Stafford Loan borrower who entered a certain area of the teaching profession.

Further, defendant has not established that NEC/NIT cheated, abused, or misled him.  Defendant argues that Corinthian Colleges, Inc. operates numerous schools and online programs under different names, including NEC, now referred to as Everest College.  He alleges that NEC / Everest used abusive practices to prey on students.  Defendant states that he relied on statements of an NEC recruiter when enrolled at NEC and sought the promissory note at issue here.  The NEC recruiter allegedly stated that defendant would receive job placement after finishing the vocational graphic design program.  These allegations do not prove abuse. Defendant voluntarily left NEC/NIT after three months.  As such, he did not complete the vocational graphic design program and was never denied the represented job placement. Defendant, therefore, cannot prove that the recruiter's statements were false, abusive, or misleading.

## IV. Conclusion

For the reasons stated above, plaintiff's motion for summary judgment is GRANTED. In the absence of sufficient documentation establishing the exact amount of defendant's debt, plaintiff is ORDERED TO SHOW CAUSE to prove this amount within 21 days from the date of this order.

IT IS SO ORDERED.

Dated: August 3, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 3, 2017, by electronic and/or ordinary mail and also on
Maurice Jackson, 29889 Rousseau Drive,
Novi, MI 48377.

s/Barbara Radke
Deputy Clerk

---